IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK04-83569 |
| | ) | |
| ARBORS SS, L.P., | ) | CH. 11 |
| | ) | |
| Debtor(s). | ) | Filing No. 112, 131, 134 |

<u>ORDER</u>

Hearing was held in Omaha, Nebraska, on October 4, 2005, regarding Filing No. 112, Motion to Appoint Trustee, filed by Lehman Housing Tax Credit Fund, L.P. and Lehman Tax Credit Advisor, Inc.; Filing No. 131, Response, filed by Federal National Mortgage Association; and Filing No. 134, Resistance, filed by debtor. T. Randall Wright appeared for the debtor; Douglas E. Quinn appeared for Lehman Housing Tax Credit Fund, L.P. and Lehman Tax Credit Advisor, Inc.; Trenten Bausch and Chris Giamo appeared for Federal National Mortgage Association; and Jerry Jensen appeared for the United States Trustee.

Lehman Housing Tax Credit Fund, L.P. and Lehman Tax Credit Advisor, Inc. ("the Lehman entities") have filed a motion for the appointment of a trustee in this Chapter 11 case. The debtor-in-possession has objected.

Relief from the automatic stay has been granted to the secured creditor, Federal National Mortgage Association ("Fannie Mae"). It is proceeding with a non-judicial foreclosure concerning real estate located in South Sioux City, Nebraska. The sale date is now scheduled for November 20, 2005.

The Lehman entities are limited partners in the debtor. They will lose any interest they have in the debtor and any tax benefits that their investment generates if Fannie Mae completes the foreclosure sale. Therefore, they have requested of the debtor, and now of this court, access to the premises and the books and records of the debtor in order to evaluate whether there is some possibility of saving their interests.

The debtor acknowledges that it cannot obtain confirmation of a Chapter 11 plan. The debtor, in its discussions concerning the motion for relief from the automatic stay filed by Fannie Mae, agreed to permit access to the Lehman entities, then agreed to execute a new management agreement with an organization brought in by the Lehman entities. However, as soon as relief from the automatic stay was granted, the debtor reneged on such commitment.

The debtor acknowledges that it has no equity in the property. The debtor acknowledges that it cannot reorganize. The debtor, through its controlling general partner and the individual who is actually in control of the whole operation, resists the appointment of a trustee on the theory that the appointment of a trustee will not benefit either the debtor or any creditors.

Under 11 U.S.C. § 1104(a)(2), the court, after notice and hearing, shall order the appointment of a trustee if such appointment is in the best interest of creditors, any equity security holders, and other interests of the estate.

Here, the interests of the Lehman entities are best served by the appointment of a trustee. The individual who presently controls the debtor is not cooperative with the Lehman entities and that non-cooperation can result in the Lehman entities losing their investment without having the opportunity to attempt to negotiate with Fannie Mae. Without access to the premises or the books and records and without a new management company in place, the Lehman entities are without a remedy.

The Lehman entities have agreed to finance the appointment of the trustee to be sure the administrative expenses incurred by such a trustee will be covered.

The United States Trustee supports the motion. There is more history to this case than has been described in this order, including the failure of the debtor to comply with the requirement to file monthly operating reports and to pay the quarterly trustee fees. The debtor did finally comply with those requirements shortly before the hearing on this motion.

The motion for the appointment of a trustee is granted because it is in the best interest of creditors and interested parties. The United States Trustee is directed to appoint a trustee. The trustee is authorized to take possession of the premises and make an independent determination of whether the management company should be changed. The appointment of the trustee is not in derogation of any rights of Fannie Mae with regard to the order for relief from the automatic stay or the foreclosure process.

DATED this 6th day of October, 2005.

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
T. Randall Wright
*Douglas Quinn
Trenten Bausch
Chris Giamo
Jerry Jensen

*Movant is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.